This case is Reproductive Health Services v. Bailey and Marshall. Mr. Palmer is here for the appellants, and Mr. Beck for the affilee, and Mr. Palmer, you may begin when you're ready. Thank you, Judge Wilson. May it please the Court, my name is Eric Palmer, and I represent the defendants, the Montgomery District Attorney, Daryl Bailey, and the Attorney General of Alabama, Steve Marshall. Your Honors, our contention is that this case should have been dismissed on both standing and sovereign immunity grounds with respect to every one of the claims advanced by the plaintiffs, save one, which is the provision of the Alabama Bypass Statute, which pertains specifically to the participation of the local district attorneys in those bypass proceedings. But that provision in itself is, we think, completely innocuous under Bilotti 2, in that it in no way imperils the effectiveness, confidentiality, or expeditiousness of the bypass proceedings. Can I ask you a procedural question first before you dive into your jurisdictional and merits arguments? In your brief, you cite in part to factual information that the defendants put into the record with regards to how this statute has been implemented or applied in the last several years. But I thought that both sides told the district court that this case was amenable to disposition through cross-motion for judgment on the pleadings, which means you can't go outside the record, the four corners of the complaint. So, Judge, I don't know how you want us to look at that information that you allude to in your brief, if at all. Our position below was that as a matter of a judgment on the pleadings, we could win with respect to that, but they could not and would require evidence to flesh out their position with respect to their facial challenges. As to whether that can be considered with respect to the judgment on the pleadings, our position is that that evidence would only be relevant with respect to consideration of their claims. With respect to consideration of ours, our position is that the statute is facially constitutional. So you want us to look at it a little bit or not look at that information at all? So we think that this evidence is really the only thing in the record that could potentially be suggestive of the underlying policies and the way this is implemented by the Alabama Bypass Courts. I don't disagree with you, but if the case was submitted through cross motions for judgment on the pleadings, how are we supposed to look at evidence outside the pleadings? So to the extent that this court intends to disclaim reliance on that evidence, then we think that's only fair. No, it's not us disclaiming reliance on the evidence. I just want to know how you propose that we look at that evidence given the procedural posture of the case. If you think that there's a way for us to review that evidence, great. I want to know. But this case here is on a ruling based on cross motions for judgment on the pleadings. I'm sorry, Your Honor. My understanding was that we had moved for summary judgment with respect to our position and agreed for a judgment on the pleadings with respect to their position, which would enable consideration of that evidence with respect to our position. Okay. I'm just confused. Okay. What did the district court do with that evidence? My understanding is that the district court did not give much consideration to that evidence. Again, I think to the extent that evidence is found to be wanting in this case, I think that ultimately supports our position in that this is a facial challenge. And with respect to most of these particular claims that they've advanced, the only way in which we can know whether the facial challenge ultimately suggests that the proceedings are operated in a way that is not confidential, that results in revelation of the minor's identity to the public, or that the proceeding operates in a manner that is not expeditious would be if we had additional evidence. But because they motioned for judgment on the pleadings, we don't have that evidence, which means there's not sufficient grounds to grant a facial challenge in this case. We don't have to look at it in order to decide this appeal? I don't think that that evidence would need to be considered, given that our position is that all of the challenge provisions are ultimately facially constitutional. But really, I think the primary consideration here is – Let me ask you a question that I found somewhat confusing. Why do we need evidence to determine that a requirement that the local DA be given notice of a minor's child seeking a bypass, that that would not compromise the – a very large risk at the minimum of ending their privacy? In the real world, and go up in one of the communities in Alabama, and the local DA is given notice that little Janie is seeking a bypass, I don't think I don't need a whole lot of evidence to know that that's going to go into an enormous risk of ending her anonymity, which is really instrumental to the basic freedom she has to end her divorce. So you won't look at evidence as whether or not, in fact, it doesn't leak out or not? Is there any statutory command that the DA not notify anyone else? Inherent – the argument, as I understand it, is inherent in the structure, is an undue burden being placed upon this fundamental constitutional order. So that's why I'm a little puzzled by the – what you were saying about we ought to look at the – in fact, that these things don't burden it. Your Honor, our argument is that the only thing one could consider in the absence of evidence, and this is supported by the Fourth Circuit's decision in Manning v. Hunt and the Fourth Circuit's decision in Kamplos, is that the statute facially in and of itself constitutes a violation of confidentiality or that there is no way that the statute could be administered in a way where it could conceivably operate in an expeditious manner. There's no indication that that's the case on the face of the statute. And the reason why that's true with respect to DA participation – But the complaint was characterized as a facial attack? So, yes, the complaint largely operates on the presumption that it would be a per se violation of Bilotti 2 for a district attorney to participate in a bypass proceeding. That is nowhere on the face of Bilotti 2, and the logic of Bilotti 2 and Akron 2, I think, would confirm that nothing about the participation of a district attorney would be offensive under those decisions. What Akron 2 tells us – What is the role of the district attorney then? So the district attorney's role, as defined by the Alabama Court of Civil Appeals, is to operate as a neutral protector of the process. The statute – What does that mean? That means that the district attorney's role there is to ensure that the bypass court has sufficient evidence to render an effective determination. And that's exactly what the statute defines a district attorney's role as. I don't understand that language. What does the DA do? So what the DA does is the DA will ensure that the process operates in an effective way. You're saying the same thing to me. What does the DA do? I'm the DA. What am I supposed to do? I'm going to examine the individual and make a determination myself. I'm going to ask people about her. The DA doesn't know, James. No. So the DA's role is essentially to make sure that the judge's decision is not inaccurate. And that means that the judge or the district attorney has to make a determination for themselves whether the petition should be granted under the two criteria recognized in Blot E2. He's an independent review agent. The district attorney is reviewing the judges? No, of course the district attorney does not actually review what the judge does, but the district attorney is there to ensure that the judge is presented with adequate evidence. And what if the DA, doing as you say, is not persuaded? He thinks he shall not get an abortion. The district attorney would be entitled to suggest to the bypass court that the evidence does not support a determination that the minor is sufficiently mature or that the abortion would be in the minor's best interest. But he's an advocate then. The district attorney is not necessarily an advocate. It depends upon whether the district attorney determines in their own judgment whether the evidence is sufficient to support granting the minor's petition. So in some circumstances he disagrees with the application. He's going to be arguing. The only time he will speak will be against it. And if he agrees with the application, then he will speak in favor of it. So there's no reason why the district attorney is required to take a determination? How does the DA make a determination? Typically the district attorney would look at the actual evidence presented by the minor and make an assessment as to whether the minor appeared to be sufficiently mature. The minor at bypass goes before a judge, and the judge asks the questions about her, trying to gauge her maturity, that she understands what she's doing, et cetera, et cetera. And then the DA is going to be there when that's going on? Yes, that's correct, Your Honor. And then the judge is going to make a decision. The DA says, I think you're wrong, Judge. And in those circumstances, then the DA could ask relevant questions and if necessary could ask the court to subpoena a witness or something along those lines. But under most circumstances … We don't open this proceeding to subpoena witnesses. It's going to be done in open court or chambers. The statute does not specifically speak to that question. However, the statute does require absolute confidentiality with respect to all bypass participants enforced by a criminal sanction. Well, that's what I'm trying to understand, how you can open simultaneous to exist in the real world of a courthouse. So I think that the actual way in which this plays out is the bypass proceeding plays out  where it is essentially an inquisitorial proceeding. The judge asks relevant questions. And typically, as the Alabama courts have recognized, if a girl is even seeking a bypass, she will have sufficient indicia of maturity for that request to be granted. And in those cases, the district attorney may play no role at all or the district attorney may conclude, Your Honor, this is an obvious circumstance in which the girl is sufficiently mature. So there's no reason why the district attorney in any way imperils the process or is put there as a straightforward advocate against the granting of the petition or anything along their lines. They are an agent of the court, and they protect the process in doing so. Assuming that's correct for the DA, how can you say that about the guardian ad litem, whose statutory directive is to represent the interests of the fetus? How can a guardian ad litem representing the interests of the fetus, whose only interest is in life, I would think, ever do anything but oppose a petition? We would concede that in all but the most unusual circumstances, if a guardian ad litem is appointed, that guardian ad litem will take on an adversarial posture in the sense that they will. Why is that not an undue burden? You've spent five minutes trying to explain to Judge Higginbotham why the district attorney, given his or her neutral role in ensuring the viability of the process, isn't a problem. Now you've got someone who, if appointed, is an advocate on the other side. You don't think that's an undue burden problem? In this context, we believe that what constitutes an undue burden is articulated by Biladi 2. I know, but Biladi 2 doesn't address this factual circumstance, and we've got this case before us. So I want you to tell me how it is that an advocate, who you've said, I think, will always be arguing against a petition, doesn't constitute an undue burden. As Lambert B. Wickand indicates, the Biladi 2 criteria are supposed to be the criteria by which a bypass procedure is judged for its constitutionality. We believe all of those criteria are satisfied with respect to the guardian ad litem. And really, their position— Why? That doesn't tell me anything. Their position that this cannot be in any way an adversarial proceeding actually derives from Justice Blackmun's dissent in ACRIN 2. What Biladi 2 does is— No, I want you to tell me how, again, going back to what Judge Higginbotham said about how this plays out in real life in an Alabama courtroom. If you put an advocate in there to litigate against the minor who is seeking a judicial bypass, how is that not an undue burden on the exercise of the right to terminate a pregnancy? I think to the extent that we would extend the law beyond— If you think that that's not a problem, then you shouldn't be characterizing the district attorney's participation as that of a neutral player just making sure the process works out correctly because he can be an advocate too. So the district attorney's position varies depending upon the state of the evidence. But the guardian's doesn't. That's correct in all but the most unusual circumstances. And we think that that's consistent with Biladi 2 because nothing in Biladi 2 attempts to specify in exhaustive detail the shape that a bypass court must take. All it says is there are four criteria. Those four criteria are satisfied in this case because the first two criteria that the petition must be granted in the event that the minor is sufficiently mature or it is in her best interest are the standard by which the judge decides whether to grant the bypass. And we believe that given the articulations of confidentiality requirement in Act 2 that there is no disclosure of the minor's identity. But, counsel, the difficulty is that to the extent that the procedures that are required by the statute, in fact, open up those proceedings, there is no bypass of the parents. And I'll say it another way. The fact that this is an in-chambers, private, if you will, to the public's proceeding is inherent in the very notion of bypass. You're not bypassing anything when you start bringing in the DA, et cetera, and get these other players in it. That is, on its face, it presents a large risk of that. And here's an argument, well, perhaps, but in operation it doesn't work that way. Your Honor, I think that what is a crucial background fact here is that the Alabama courts have engaged in self-help. I'm engaging you on Biladi itself. With Biladi and his courts as a bypass, it means that the parents can't control this for the minor. Why? Because the minor, the constitutional right here, resides with that person, individual, minor though they be. So we're concerned only with the minority, and that doesn't make that decision. I think you'd certainly agree with that common ground. Now, it follows from that that inherent in Biladi is that the procedural processes that attend this must serve the preservation of that opportunity, for that child to go into a place that does not, her efforts here are to consider the fact that she's pregnant, possibly signing an abortion, will not go outside the halls of the courthouse. Do you agree with that? I absolutely agree with all of that, and I think that that is completely secured by the fact that the proceedings remain confidential in character. I think the mere fact that there are additional parties requisite to the operation of the process, and that's the way it's worked in Alabama for two decades, does not in any way show this statute to be constitutional, because what Akron 2 speaks to is disclosure to the public. I don't believe the court would have used that language if it intended to articulate a narrow rule that would circumscribe the range of participants to simply being the judge, any court reporter, the minor, and her attorney. They would not have articulated a standard if they meant to lay down a rule. So I think the operative conception of confidentiality in Akron 2 permits all of this. Tell me why I'm wrong about this now. This is a facial challenge to the statute, and I think the Alabama legislature could probably craft legislation that passes constitutional muster that is successful in ensuring that the minor makes a mature decision with respect to whether or not she's going to have an abortion, but that this statute might go a little too far, because it doesn't protect the minor's confidentiality, because it opens up the proceedings. You've been asked a lot of questions this morning. Can the DA subpoena witnesses? If the DA thinks that the minor's not making a mature decision, can the DA subpoena the minor's teacher? The statutory standard for the subpoena, subpoenaing of a witness, is that the court must determine that additional evidence is necessary in order for a subpoena to be granted. So the DA can ask the judge, Judge, I think there are witnesses who I think have information that's relevant to determining whether or not the minor is making a mature decision. So, therefore, I would like to subpoena the minor's teacher, who may or may not know that the minor is pregnant, and some of her friends from school. Could the DA do that? Your Honor, I think that the ultimate presupposition of that question is that a worst-case scenario will occur, which is exactly what Akron 2 warns against, and that the bypass court will not attempt to operate in a manner that ultimately has any regard for the confidentiality of the minor or the potential difficulties attendant to going through this process. How do you prevent that in a particular case? We're talking about a timeline, a very tight timeline when these happen. What the statute, as I read it, provides for extensions of time, et cetera, what it provides for actually subpoenaing the upbringing and other witnesses, et cetera. So my question is that, okay, they go too far, and then what happens? The case is over because she no longer can obtain a divorce because she's out of time. I think that the actual timeframe in question, as fixed by Alabama Supreme Court rules, is maximum 72 hours. And that's one obvious check against the emergence of this horror story where teachers and friends, et cetera, are called. It's just that there wouldn't be enough time to bring in most witnesses. And the only witness that we have in the Alabama case law – Can the time period be extended by the judge? It can be extended from 48 hours. That's what the statute permits. But under Alabama Supreme Court rules, the maximum it can go to is 72 hours. Even though the statute says it can go beyond that? The rule still exists. What governs an Alabama law, a statute or an Alabama Supreme Court rule? I think that this is still an incident to the inherent authority of the Alabama court to lay down rules, which the courts of Alabama must abide by. So we're still operating within that timeframe, and that's going to place a real limit on anything that could be done with respect to witnesses. Again, I don't think – Why did you need the statute? I'm sorry, Your Honor. Why did you need the statute then? Why did the legislation need the statute? They were going to operate only on the court rule. Obviously, the only substantive change this statute worked, relative to the preexisting state of affairs under Alabama law, was the inclusion of the district attorney in the proceedings as a neutral advocate to protect the process and the granting of appeal rights to certain parties. It didn't add the guardian as a representative for the fetus? No, Your Honor. There was a statutory provision that allowed that before? Rule 17C of the Alabama Rules of Civil Procedure. Right. There was no statute before that allowed that, right? No, Your Honor. Then you have to concede that the new statute changed that as well. A statute has a different standing than a court rule does, right? Yes, Your Honor. But the way in which things operated in Alabama courts were such that guardian ad litems had been appointed for fetuses in cases going back two decades in Alabama courts. And that did not deter minors from using the bypass proceedings. They remained efficacious and operative in Alabama. So really what they're trying to paint a picture of is that this is some radical change and this will change the face of how abortion operates in Alabama. That's simply not the case because what this statute does primarily is it allows the minors to use pre-existing powers that have been exercised by the Alabama court in order to transform the bypass proceeding into something other than a rubber stamp. And that's what Blatty 2 does. Not a rubber stamp. You've got a judge there who can say, this minor is not mature enough to make a decision. Can't we trust the judges in Alabama to make that decision without turning it into an adversarial proceeding? Absolutely, Judge Wilson. I think in the normal case, the bare fact that a minor is able to avail herself of this procedure is going to indicate that she has sufficient maturity. And that's what the Alabama case law bears out. But what led to this was that Alabama judges found, and this is cited in numerous cases in the Alabama courts, that in some cases they found the testimony appeared to be perhaps rehearsed or in other ways, but we can trust judges though. I mean, that's why we have judges to make those determinations, right? Absolutely. And all we're really asking is to ultimately trust the judgment of those judges that they needed a process that was more robust. But under the prior statute, the judge can decide himself or herself, I need more information, right? Under the prior statute, I need more information in order to make a decision about whether the minor is mature enough to make a decision. So under the prior statute, taken together with the judge's generic powers under the rules of evidence and civil procedure, a judge can accomplish almost everything that the current statute allows them to accomplish. They availed themselves of those powers, suggesting a need for some kind of codification, and that's really all this statute requires to do. It does not really change the status quo. So if I see the judge as neutral and not an advocate, but I see the DA as more of an advocate, then that argument would not be persuasive, would it? You see the DA as neutral and not an advocate? That's the rule determined by the Alabama Court of Civil Appeals, and that's the rule fixed by the statute. The state courts exercise a statutory interpretation, which this court is, under this court, an unprecedented bound to refer to in construing the import of a state statute. But does the DA provide the, under the current structure, does the DA provide the court with its views on whether or not the petition should be granted? Yes. Then the DA is an advocate for that position, whatever that position may be. In one case, it may be I'm in favor of the position, of the petition. Another one, it may be I'm neutral. And then the other one may be I'm opposed. But again, there's no indication in any of the precedents indicating that you cannot have an officer of the court. That's a different question. What you're trying to get at is whether or not it's constitutional. I'm trying to get at whether or not the DA is acting in the capacity of an advocate, no matter what he or she does. The DA can choose to adopt the perspective of an advocate, either for the granting of the petition or for the denial of the petition, depending on what the evidence suggests. That's the role of the DA. So to the extent that they're ultimately advocating that the court get it right, yes, they can be described as an advocate, but they are not advocating an individual. But getting it right only in their perspective. Yes. I mean, it's not a judge, I put all the evidence in front of you. Now you make an informed decision and whatever you decide, fine. That's not what the DA is simply doing. The purpose of that, however, is simply to give the judge a perspective other than their own so that they can be confronted with the possibility that they might be wrong. If the DA wants to make sure the judge gets it right, is there any limit on the number of witnesses or the quality of witnesses that the DA can have subpoenaed to testify at the hearing? I mean, can the DA decide, I'm going to subpoena all of her homeroom classmates because they know they can give better testimony than others about how mature she is? The limit in the statute is the standard of necessity. The court has to determine that it needs additional evidence and that that witness would provide that additional evidence. It's highly unlikely that under any circumstances, every member of a homeroom would be required. And the only case we have on point where a witness was called, it was a social worker called for a 12-year-old girl who was in state custody because she had been. But we're not looking outside the record here. That's not outside the record. That's an Alabama Supreme Court opinion. But the answer to my question is, I mean, the ADA in Alabama could do that if he or she decided that it was necessary. They could attempt to do so and would almost certainly fail, particularly under the existing presupposition affirmed in Akron 2, that the federal courts must presume that state courts will discharge their But before the amendment, if a judge decides that he or she needs information from another witness, the judge can make that decision? A judge does have the power to make that decision. And I think that that incident of authority would be essential for the Bilotti T proceeding to be anything other than a pure rubber stamp founded on nothing but the girl's own testimony, which in some cases, where she's clearly mature enough, that's the run-of-the-mill case. I'm sure that will happen. But to the extent that the judge needs information, of course they would need to be able to call witnesses in order to be doing anything other than just saying, yes, we automatically grant permission to bypass the parental consent requirement. Yeah. So let me turn your attention to the participation, the parental participation in the proceedings themselves, 26-21-4-1, which the district court took down, would take down. What is your understanding of the tolerance or the anticipation of participation by the parents under this statute? So the way the statute is set up is in such a way that no state actor is ever implicated in the disclosure of the existence of the bypass proceeding to the parents. If the parents learn of the bypass proceeding, then the parents can intervene in the proceedings. They can notify the court that they want to appear. Our position is that the parents, under those circumstances … By intervention, are you using those terms in terms of legal terms of becoming a party to the litigation? Under the statute, it does contemplate that the parents would be a party to the proceeding. Not simply observing, not simply coming to the courthouse. That's correct. So under this scheme, the bypass for the parents could consist of allowing the parents to become parties to the litigation. That's a very curious bypass process, isn't it? I think that's quite understandable. So I don't think that there's anything in the existing case law that indicates that that would be … What does that statute say, 26-21-4-1? It says, although the court shall not be required or permitted to contact the minor's parent, parent, or legal guardian in the event that the minor's parent, parent, or legal guardian are otherwise aware of the bypass proceeding, they, he, or she, shall be given notice and be permitted to participate in the proceeding and be represented by counsel with all of the rights and obligations of any party to the proceeding. So in other words, there is no bypass. It's a parent's parent or legal guardian. It still operates as a bypass in that their consent is not determinative. They do not exercise any absolute veto. Ultimately, the decision lies with the judge. And really, we think that this is ultimately … Get to cross-examine. If they learn of the proceeding and they become parties, then they get to subpoena witnesses, cross-examine, put on evidence, and then make their position known to the judge as well. In the circumstance where non-state actors, I guess … Yeah, they learn of it somehow, some way. Right, so the state has no role in this. I know. I'm not suggesting the state has any role in notification. I'm just saying once they find out through other means, then they are closed with party status. That's what the statute says, but they would have ultimately no authority to determine the judge's decision. I know. They get to subpoena witnesses. They get to put on evidence. They get to make a presentation. They get to argue the position of whether or not the petition should or should not be granted. Yeah, they have the status of party, and they can do those things under the circumstances where this would arise. I want to go back to the DA. Can the DA use the proceeding as a law enforcement tool? Let's say, for example, there's been a statutory rape in order to determine whether or not criminal proceedings ought to be initiated. Can the DA do that? How does that work? We have no evidence either way about how the DA's participation would operate except for the declarations that are in the record on that. But under Alabama law, bypass courts have been required in the past to contact authorities in the event of abuse, rape, et cetera. So that's really kind of not really unique to the situation, the district attorney being present because of existing notification. So you have an 18-year-old boy, girlfriend, I don't remember the ages of consent in Alabama, but an 18-year-old boy, girlfriend, and a 14-year-old girl gets pregnant. Assuming that he's amenable to prosecution for statutory rape, that would come out, and the DA would gain that information and proceed against him. I don't know why we're entitled to assume that that information would come out given that a minor has control over what evidence she would present with respect to this. So unless there's some, unless somebody's going rogue and conducting some kind of investigation of their own, she would have control over what she could say with respect to the age of the person. But Kent, doesn't the DA get to cross-examine? Yes, the DA can cross-examine. Can't the DA put the minor on the stand and ask her how she be? Part of the jury examination is maybe we're well down the pathway of how she got into this difficulty. What kind of conduct was she engaging in at the time? They were directly on her maturity. It's one thing for a girl to have a steady boyfriend, get pregnant with something else if she's promiscuous, et cetera, et cetera. These kinds of things, the judge is making a judgment about her maturity, how she's been acting and all that information. Now you've got the DA, the threat of prosecution hanging over this. That doesn't burden her decision to do this. Again, the bypass judge had a pre-existing legal obligation to notify the authorities in the event of some kind of crime of that character. This notification to law enforcement authorities was going to happen regardless of what the statute did. What was the name for the statute? So much of this, all this doesn't change anything, but the legislature just decided that we ought to do this? The legislature just codified existing practices with respect to a few minor changes. That's the bottom line. And that's the reason why we don't think that this really can be construed as something that you can just infer by pure speculation would constitute an undue burden or deter anyone from accessing the bypass proceeding. And this is a reason why they do not have standing to challenge any of those procedural requirements, because ultimately what they're trying to do here is it would be the equivalent of if you brought suit challenging the constitutionality of the statute, you would have said, well, we're going to file a suit against the district attorneys and the attorney generals, because they might participate in something of this character. In other words, There's a big difference between that hypothetical in this situation, because in this situation, the minor has a finite period of time in which she can seek and obtain an abortion. In a hearsay scenario, dealing with a rule of evidence, no such time constraints are involved. That's not the character of our argument. Our argument is not temporal. Our argument is that the only relief they requested was a declaration that would only be applied to the district attorneys and the attorney generals. We have nothing to do with whether the state bypass courts decide to continue to appoint guardian ad litems for fetuses. All right. So let me ask under an ex parte young theory, who do you sue? Even if you had an as applied challenge, who do you sue under an ex parte young theory? The problem is not that they had the wrong defendants. The problem is that they didn't bring a justiciable claim because they didn't request relief. I thought you had made the argument that these were not proper defendants. Our argument is, should be understood in the following way. Under ex parte young, there needs to be a connection between the enforcement of the statute and the party you're bringing suit against. They bring a claim against various parts of the statute, which we have nothing to do with the enforcement of, and cannot make the state courts in any sense comply with the district court's order on it. No matter how diligently we attempt to apply federal law and to obey this mandate that we've received. Okay. All right. This is crazy. If a hypothetical state law said, when a minor seeks a judicial bypass, everything shall be open. Nothing shall be confidential. And the court and its employees shall disclose everything to the outside world. Okay. Would you concede that that's a problem under Bilotti? Absolutely. Yeah. Okay. Who do you sue? If you seek to strike down that hypothetical state statute. So you sue the exact same parties, but you sue to enjoin or seek a declaration that the criminal penalty. There's no penalty. There's no criminal penalty provision. My hypothetical is just, you tell the world. That a minor is seeking a bypass. You tell the world. I imagine in those circumstances, You would have to bring a challenge. You have to sue the court. As the next party, you have to defend it. You have to sue the attorney general. Because the attorney general is the person who is in charge of enforcing state law. But on your hypothetical, the attorney general has no role in the enforcement of that because they're not tethered to any criminal prohibition. The attorney general enforces the state consent requirement. The attorney general does not enforce the rules for which parties can be parties to a proceeding or not. Who's the chief law enforcement officer in Alabama? Right. But this flies in the face of this. Who is. Summit medical associates be prior where this court said, you cannot treat the attorney general or the governor of the state as a criminal.    the state court says you can sue the attorney general. Anytime you want to litigate over state law. The fact that they don't have any role. So who do you sue in my hypothetical. I would think that you would have to either make the argument, which maybe would be untenable that X, parts a young allows a suit to be brought against a state judicial officer. Or you would have to go into state court and raise a challenge there. And again, the presumption here is state courts abide by the federal constitution. So there's no reason why they wouldn't see such an obviously unconstitutional statute as unconstitutional. That would be struck there. There are, there are, there are times when the Supreme court has disagreed with state courts view of the constitution. Absolutely. So it's not necessarily the case through that exact path, where if that challenge were raised in the context of state proceeding and say, the state courts are absolutely insane. And they say, yeah, whatever, we're going to completely disregard the Lottie to the Supreme court would immediately reverse them. But the problem is X part and young does not grant a license to just sue the attorney general or the governor of the state. Anytime you want to challenge state law, that the whole theory of X part to young is if a, as officer of the state is enforcing a state law in a way that is unconstitutional, they are stripped of their character as an official and a suit to be brought against them. We are not enforcing any of these near procedural requirements. If the DA, if the DA violates the duty of confidentiality in the statute, who enforces the duty of confidentiality? So in the event that the district attorney breached this, yes, there would be a proceeding by whom, by who tells a newspaper. Yes. Yes. And obviously the DA is not going to prosecute himself. So who's involved in that? So the DA is involved. Only with respect to the actual enforcement of the confidentiality requirement of the statute, the confidentiality of the proceeding, then the attorney, then there's the connection. But when it changes to does the VA play any role in whether the state court wants a guardian ad litem for the fetus, we can't tell them not to do that. We have no way. It may, it may mean, it may mean that your X part, a young argument goes so far, but it may mean that your X part, a young argument can't go all the way. Right. So we would concede that the X part, a young argument defeats only their claims with respect to all of the other claims. So we're not going to challenge provisions that don't involve enforcement by the DA. What involves enforcement by the DA, which was has declared unconstitutional below is just the provision involving DA participation. So we think the proper outcome here would be on sovereign immunity or standing dismiss all of their claims. Except the one with respect to DA participation. And then we believe that DA participation clearly comports a Pilate too. That's what we're asking for here. The limits of X part of young, then how would the, these other provisions be, what would be the avenue or procedural pathway for them to challenge those provisions? So the proper avenue for them to challenge those provisions would be to sue, to seek a declaration that the criminal enforcement provision of the statute constitution. Do that. And who would be the defendants in that? We would be the defendants. Okay. So then your argument evolves to simply that the prior release did not include the clerical relief and rather than injunctive relief. No, the argument is that they did not seek a declaration that that provision constitution. I'm sorry, but it is simply that there are pleadings that they, the paraphernalia is not broad enough to grant. If they had asked for declaratory relief, then that this issue would disappear. As I understand your argument, if they asked a declaratory, a declaratory judgment that the provision of the statute, which allows us to prosecute them for performing an abortion where there was no bypass authorization. If they asked for a declaration that that provision was unconstitutional, then this would be exactly that body too. And there would be no standing or sovereign immunity questions with respect to regressibility. You're a very good advocate. Let me ask my question. I'm trying to get to what I'm trying to be sure. I understand your argument. You say that, well, they can sue for declaratory relief. And I assume that asked for declaratory relief, the same relief that they got below. What is your argument? And then if that hadn't occurred, if they had sought a declaratory judgment that the criminal enforcement provision of the statute is unconstitutional. And they sought all the declaratory relief, including the entire relief that was granted below. So, given what they requested below, our argument is that they did not bring the justiciable claim because they challenged state procedural requirements that we aren't charged with enforcing. The declaratory relief is not a solution to your, to your question. I'm not trying to argue with you,  I thought you were earlier suggesting that the declaratory relief was unconstitutional. I'm not trying to argue with you. I'm just pressing you a little bit on that point because I don't follow that. No, Your Honor. We can see that they thought declaratory relief. They just thought it with respect to the wrong provisions of the statute. It has nothing to do with it. It's just what, which one of these provisions was attacked. I'm not trying to argue with you, but I misunderstood you. I thought you were earlier suggesting that they're offering declaratory relief, not sought as a, in support of your argument, the ex parte young deficiencies, if any could not be cured or not cured. No, Your Honor. I'm sorry if there's any confusion here. It really just results from the fact that this, this case is posture is extremely unusual because they didn't sue for a declaration that the right provision of the statute was unconstitutional in order for them to bypass ex parte young and actually have a suit against us with respect to every provision of the statute, other than the one we enforce. Otherwise they're just saying these state court procedural rules are unconstitutional. And that's an advisory opinion with respect to all of those provisions because we don't have anything to do with them. Their declaratory relief really doesn't solve the problem because state courts can still follow this statute. We can't force them not to. I don't understand that. I don't understand that to be your earlier argument. I'm sorry for the confusion, Your Honor. No, that's not confusing. Do you see any way, I'm asking you about standing now, Do you see any way around Planned Parenthood versus Miller that gives abortion providers standing to bring these sorts of challenges? Yes, Your Honor. I think both in Miller and in Akron too, they used the actual way in which these suits are done by default, which is you sue for an injunction that the actual parental consent requirement, the requirement that lays a duty on them to not perform an abortion and the absence of a bypass is unconstitutional. There, they would have standing and there would be no sovereign immunity problem because they would be suing us with respect to a provision that we actually enforce. So if I look, all the cases that have permitted abortion providers to have standing to bring these challenges have been brought within the context of an injunction? To our knowledge, that is the case. And if there is any case that is an exception, it is probably because this argument was not raised. Because this argument really ends up requiring, you know, one to think through the actual ramifications of Ex Parte Young and how it really operates. And the fact that because we aren't enforcing any part of the statute, other than the one that concerns our own participation, where we concede, they have standing and there's no sovereign immunity problem. And the provision that they did not sue for a declaration that it was unconstitutional, which is the criminal enforcement provision of the statute. So the Ex Parte Young problem here is very serious and is fatal to all of their claims, except those pertaining to DA participation where we think we're on solid ground. You may sue persons who procure abortions in violation of the act. Of course. We can still do this, which is why their relief really didn't redress their injury at all. They can still be prosecuted for performing an abortion where the bypass procedure was not used. But maybe in violation of the act. I'm sorry. In violation of the act. Absolutely. If they perform an abortion without parental consent. Which means without parental consent as you defined it, without compliance with the act. If there is no judicial order that says this abortion is authorized, then they are violating the statute. There is nothing in the district court's opinion below purports to tell us that we can't enforce that statute because they didn't request relief with respect to the right provision. I thought the district attorney at Montgomery County, attorney general, if you have that, you can prosecute the plaintiff if they procure violations and procure abortions in violation of the act. And that means that it's nonconformity with the provisions of any of these provisions. That is that they are being required to, their compliance with, you are enforcing, you have the enforcement power under that suggestion that you say you don't have, because you can, if they don't comply with these procedures, if they don't in any of these respects, that is the enforceability of any of these provisions over there. And the argument goes is that you can, you can, you can in fact enforce. So here a criminal indictment would not say the procedure did not involve a guardian ad litem for the fetus because that's not required, right? That's not, that would not be an element of the offense. The elements of the offense would just be you performed an abortion. There was no order from an Alabama court permitting you to do that. No matter what, no matter what the procedures were. Like if an Alabama judge says, you know what? I'm not enforcing any of these procedures. I just want to talk to the minor and then make a decision on my own about whether or not she's mature enough and it's in her best interest and then decide and issues an order. You have no standing to prosecute criminally. I'm sorry. I'm not sure if I understand. A judge, an Alabama judge guts this statute by refusing to enforce any of its provisions, except the ultimate judicial bypass requirement. And the minor gets a signed order. Right. Without any of these procedural requirements being followed, no DA participation, no guardian ad litem appointed. Parents find out, but they're not allowed to be parties. No presentation of evidence, no subpoenaing of witnesses, et cetera. And the judge issues a judicial bypass order. We were not able to prosecute in that circumstance because there would be a bypass order, right? We would have to argue that the bypass or the district attorney likely would have to argue that the bypass order didn't comply with the statute and that should be reversed on appeal. That would be the avenue through which that would be challenged. But so long as this judge is giving them an authorization, we would not be able to bring charges against them. But again, the real point here is they in no attempt in no way attempted to get an injunction or declaration that the criminal enforcement provision of the statute was unconstitutional. But they don't have to. A plaintiff chooses his or her own complaint and his or her own claims. And by the way, on the sovereign immunity side, the form of relief being sought doesn't affect the applicability of sovereign immunity. You can't get around sovereign immunity by saying, oh, I'm just seeking declaratory relief. Oh, I'm just seeking injunctive relief. I'm not seeking monetary relief in the form of damages. So the form of relief sought here doesn't affect the justiciability of the case. Our argument does not turn on the form of relief requested. What our argument. You had said that they didn't seek injunction against the criminal penalties. The point is that they didn't pick the right statute because they didn't choose the statute. So there's some things you're saying that can't be challenged. I'm sorry. I don't understand. They challenge certain provisions. You're saying that they didn't pick the right provisions, which means they can't challenge those provisions. So the way I say this panned out in Baladi too, which is the exact way that this should pan out is you sue for an injunction or deck with declaratory relief form doesn't matter that the provision that says you must have parental consent or judicial authorization is unconstitutional because there is no constitutionally adequate bypass. So they could make the same arguments and challenge the same provision. Well, they didn't go far enough. They could go back tomorrow and file, or another group of individuals or providers could go back and file a lawsuit that says, okay, we want to go one step further. Instead of going 75%, we want to go 100%. And that would be a justiciable controversy, you think. Absolutely. It would be a different case because they would be bringing a new claim where they would be saying your bypass statute is unconstitutional and needs to be struck down. And we would want the opportunity to litigate against that. And in that scenario, the district court would face the exact same questions it faced here, which are questions of severability. Once it decided that some of the provisions didn't pass constitutional muster, and you'd be back in the same place you are today, you would have a court saying, yes, you can require a court to authorize a minor's termination of a pregnancy. Yes, you can have notification to the DA. No, you can't allow the DA to participate. No, you can't have the guardian representing the interests of the fetus. I'll let these things stand. And that constitutes the remainder of the judicial bypass statute. And the rest are gone. You'd be in the exact same position you are today, arguing about whether or not the district court got the constitutionality holding rights, and if it did, whether or not it got the severability aspect of its opinion right. You'd be in no different position. Two things. From the perspective of the state of Alabama, it is quite different for them to see a declaratory judgment that ends up being not efficacious with respect to the state courts who are the real ones administering most of the challenge provisions. And a declaratory judgment that says, ultimately, until you get a different bypass statute, 12-year-olds can get abortions without parental consent or judicial authorization in the state of Alabama. The stakes of that litigation would be much higher, which is why we would want a new opportunity to litigate this on remand if these claims are correctly dismissed for want of subject matter jurisdiction. And that brings me to my second point, which is just because these are really jurisdictional requirements that derive from the constitution itself, pragmatic considerations about whether the litigation would take the same shape are irrelevant. The point is that they did not request the right kind of relief because they didn't target the right provision of the statute, the one that we're actually charged with enforcing. So sovereign immunity bars the state. I understand the argument. One of the things they argue is that plaintiffs are being forced to choose between requiring their patients to be subjected to a bypass that does not itself satisfy constitutional standards or at risk of exposing themselves to prosecution for performing an abortion in violation of the act. Yes, Your Honor. In other words, we have plaintiffs here other than the minors that are involved in your complaint. I think that's their argument. I just wanted you to address it. Just the argument of that. Well, the argument that the plaintiffs are being made, the plaintiffs are forced to choose between requiring their patients to be subjected to a bypass that does not satisfy constitutional standards or exposing and exposing themselves to prosecution for performing an abortion in violation of the act. In other words, it turned the injury components and the Asparte Young Inquiry into the, through the eyes of the providers and not the minors. And then I think my question is to address that particular issue. Yes. Because there you're forcing, they argue that we need to go forward. If this statute is unconstitutional, we think it's unconstitutional. And if we don't, if we don't abide by those provisions and we will be prosecuted and that prosecution is the agency. So Your Honor, the important thing here is this brings out exactly why the relief granted below and the relief they requested cannot possibly remedy their injury, which is they can still be prosecuted for performing an abortion on a minor who did not go through this bypass proceeding because she deemed it to be unconstitutional. No, but that's not the only injury you're thinking. That's the only injury you're thinking criminal prosecution is the only article three cognizable injury. And that's not necessarily the case. The other possible cognizable article three injury is having to go through a minor which has provisions, which constitute an undue burden on the minor. So that would be an injury to the minor. What they are claiming is that they are litigating their own injury, which is the threat of criminal prosecution to the extent that they would invoke third party standing. Our argument is that that injury ends up being speculative because we have no idea whether there is any minor out there who is in the position that they claim to be like clearly the comparative. Haven't you cited Alabama Supreme court cases with these same issues? So there are minors out there. I know you just said, you don't know if there are minors out there. And you've cited cases showing that there are minors out there. And you've cited cases where the minor has appealed the denial of a bypass. And you've cited cases where the DA has appealed a grant of a bypass. These minors are out there. This is not people hypothesizing about their existence. So with respect to this situation, ultimately what Clapper v. Amnesty International tells us is that where discretion is involved in the exercise of a certain power, which is alleged to potentially inflict an injury on some potential person. It's not enough to say in the total absence of evidence, this discretion exists, therefore this injury may be visited on some plaintiff who would be our patient. So while there are girls out there, we have no idea if they're patients of this clinic and they did not attempt to develop this argument because they weren't pinning their case on third party standing. In their brief, their argument is we have conflated their position and we have said really this, they're relying on the injury to the point to a patient when the way their brief is framed is they say, that's absolutely not what we're saying. What we're saying is this injury comes on us because we could be subject to criminal prosecution. And the problem is the relief requested doesn't redress that injury at all. Well, if the relief that's requested is to write down those provisions to which they object, that's what we're trained to be directly responsive to it. It doesn't remedy the injury of the threat of criminal prosecution. Well, to the extent that the threat of prosecution is for noncompliance with those particular provisions that they object to. We don't prosecute them for not complying with a provision that says the court- You have no authority to do that? First, many of the challenge provisions- You don't choose to do so, but you have the authority to do that. There's no way to prosecute them at all because all the- I thought there was at least a misdemeanor for violation of- For them to perform an abortion without parental consent or bypass is a misdemeanor. And conformity with the- We can't prosecute them because the court failed to appoint a guardian ad litem for the fetus. We have no control over that and there's no criminal prohibition that judges not liable in any way if they do or do not appoint a guardian ad litem for the fetus. So the only thing that is supported by criminal penalties here is that they would perform an abortion without either of those two avenues of consent, either parental consent or the consent of the bypass court. Well, the question is, is it a threat to confront it more precisely, a prosecution? Whether you would or you would not is not the issue. The question is if you have the power to do so, then that's a threat. We have the power under the statute to prosecute. And that's related to the procedure of it. And your answer on behalf of the state is you do not have the power to prosecute anyone for noncompliance with the requirements for bypass. We can prosecute them for not having a judicial authorization. The actual procedures that structure the bypass court, like whether the judge can bring in a guardian ad litem for the fetus. Those are not criminal rules. Those are rules of procedure, right? They just say, well, the rules of procedure determine the constitutionality ultimately. They determine the constitutionality of, I'm sorry, Your Honor. The entire bypass process is a procedural construct. Absolutely is. But those rules of procedure are not what's backed up by a criminal. But those rules of procedure are footed on a constitutional obligation. And perhaps if they had brought this suit in the right way, they would have standing. How should they have done those questions? But they don't. Okay. Well, let me ask one more time. What should they have done? I'm going to make a lawyer for him a little bit. What they should have done is exactly what the plaintiffs did in say, Akron too, where they sued for either an injunction or a declaratory judgment. Again, the form does not matter. That the criminal enforcement provision of the statute, the statute that says you can be prosecuted. If you perform a bypass without judicial or you perform an abortion without judicial bypass. For declaration that that provision of the statute was unconstitutional because there is no constitutionally effective bypass procedure, at which point they could litigate their arguments about these procedures, rendering the bypass unconstitutional. This is exactly the way Akron too, or Biladi too worked where ultimately they say the parental consent requirement is invalid because the bypass procedure is constitutionally defective. That's what they would need to do in order to bypass sovereign immunity and for the relief to actually redress their injury. And that's what they did not do. And that's why this court lacks jurisdiction with respect to all of the provisions of the statute, other than the one that actually concerns DA participation. Mr. Palmer, you've gone over your time. But this is an important case. And so we're not going to subtract time from rebuttal. All right. Mr. Beck. Good morning. My name is Andrew Beck for Appalese. The law at issue in this case is the most extreme judicial bypass statute ever to have come before any court. And in transforming the judicial bypass procedure from the ex parte system that is used in every other bypass statute in the country, in every other bypass statute that's ever come before any court into a trial where the team may face lawyers representing the interests of the state, her fetus and her parents, this law violates a lot of these strict standards and the judgment below should be affirmed. I'd like to turn briefly to the justiciability arguments that have been raised in this case, because this case is plainly justiciable. And Judge Jordan, you hit the nail on the head when you pointed out the irony that the state of Alabama is arguing here that the district court essentially didn't invalidate enough of their parental consent statute. Their argument is essentially that they would rather have no parental consent statute at all than the district court's narrowly tailored, precise relief of going through the unconstitutional provisions of this law, figuring out which ones are unconstitutional, declaring them unconstitutional and severing them from the statute. But to be fair to his position, I think his position is a little bit more nuanced. His position is that, again, according to his view, that the injury that you asserted was the potential prosecution. And if that's the injury you asserted, then the only way you can try to remedy that injury, have standing and make this justiciable, is to try to seek invalidation of a statute which you think, because of its requirements, violates Bellotti II. And he says you haven't done that. As a result, you don't have standing. And therefore, at least certain portions of your attack are non-justiciable. So a few points in response to that, Your Honor. The first is that to the extent they're asserting that – well, let me back up a second. To the extent they're asserting that our claims – that there is a pleading deficiency in this case, that we didn't identify the very specific criminal provision in the complaint, and that's what deprived us of standing here. It's not a justiciability problem. What is sought in the complaint, the specific relief identified in the complaint, doesn't foreclose the entry of appropriate relief that redresses a plaintiff's injury. This is evident from Federal Rule of Civil Procedure 54C, which says that a final judgment should grant the relief to which each party is entitled, even if the party hasn't demanded that relief in its pleading. And so if they are correct, which we don't think they are, that there is some – that we ought to have mentioned that criminal provision in our complaint of a condition for obtaining relief, Federal Rule of Civil Procedure is clear that there's not that kind of pleading deficiency concern. And the Supreme Court has made clear in Citizens United and Whole Woman's Health that it doesn't turn on – that there's no bar on the specific nature of the pleadings from obtaining the right relief in the case. The other point I think implicit in Your Honor's question is in response to the assertion from our friends here that we aren't asserting third-party standing on behalf of our patients and can't assert their injuries here, and that's fundamentally incorrect. The whole premise of this case is that we are standing in the shoes of our patients asserting their rights. And so while we – while it's true that there are also criminal penalties at issue here, we are also asserting the rights of our patients. And those rights and the injuries that they face are plainly nonspeculative. They are as – But his – again, this is – I'm characterizing his position. His position is that you did not seek to assert the rights and injuries of your current or prospective patients. I would respectfully disagree, Your Honor. We are asserting our patients' rights here. That is the premise – that is why we are allowed to stand in the shoes of our patients here and assert their claims in this case. Did you do that in the district court, whether in your complaint or in the response to or in your motion for judgment on the pleadings? I think, Your Honor, our arguments are – when we read the irreparable harm section of our complaint, certainly the irreparable harm we are speaking about there is replete with details about how this law harms our patients by subjecting them to an unconstitutional bypass, by violating their confidentiality. Those harms have been in this case from the outset and were pleaded specifically in the complaint and were relied upon in the complaint before the district court and before this court. Is there a prior precedent that you rely upon to argue that you can assert these claims on behalf of your patients? I think this is standard operating procedure, Your Honor, from Belotti onwards that we are asserting the claims of our patients in a challenge to the judicial bypass statute. So set a case for me then. Belotti v. Baird, this court's decision in Miller, and cases cited in our This is in footnote. So the injury that you're alleging is twofold? It's a twofold injury? Correct, Your Honor. The injury is both the threat of criminal penalties and the harms visited upon our patients. And I'd like just to clear up one point, if I may, which is that if the court shares any of the considerations raised by the other side about the capacity of the judgment below to redress our harms, it's not a standing problem in this case. It's simply a question of what's the right remedy, because the district court in its motion to dismiss decision recognized that it had two options in front of it. It could either do what defendants are suggesting we ought to have done here, which is sue to invalidate the entire parental consent scheme, or it could adopt a more narrow relief, declaring specific provisions unconstitutional. And ultimately what it went and did in its final decision in this case is to declare specific provisions unconstitutional. But it retained the jurisdiction over the question of injunctive versus declaratory relief, specifically for the purpose of if there's a redressability problem or if the judgment, the declaratory judgment below isn't doing its job, the parties can come back before the court, raise the matter, and revisit the case as necessary. And so I think the district court's approach here ought to be lauded in that it was attempting to follow the Supreme Court's guidance in AOT, not invalidating more of the legislature's work than is necessary, carefully tailoring the solution to the problem, and it was doing what other courts have done in this context, like the Sixth Circuit decision in Taft, which similarly confronted a constitutionally deficient judicial bypass, severed the unconstitutional provision, and allowed Ohio in that case to enforce the judicial bypass. The state can, the state of Alabama, if it wants to, can enact legislation as far as it passes constitutional muster that ensures that before a minor terminates a pregnancy that she's making a mature decision, right? Unquestionably, Your Honor. Well, what do we do with the cases, Supreme Court cases that say if there's only a chance of harm, let's say there's only a chance that the abortion provider might face criminal penalties or there's a chance that the privacy rights of the minor are affected, then there's no standing to meet the requirements of standing. That's just speculative. Right, Your Honor. This is their argument based on Clapper, which is essentially that in that case, the Supreme Court confronted a five-step chain of contingencies where first of all, we're not regulated by the law in question. And in order to have their communication swept up in FISA, which they were challenging, they had to posit a five-step series of events, each of which was contingent, in order for the injury to happen. This is nothing like that for a number of reasons. The first of which is we are directly regulated by the statute, as are the patients whose claims we are representing in this case, right? The criminal penalties regulate our conduct, and the provisions of the bypass affect our patients. And so this is not the kind of case like Clapper where you have to spin out a series of speculative events in order for the likelihood of harm to occur. And so as the Third Circuit made clear in the Eichel case, Clapper and its discussion of chains of contingencies is simply inapplicable when you're talking about a law that does regulate your conduct. And then just one other point about the Third Circuit's decision in Eichel characterizing Clapper, the Third Circuit made clear that Clapper arose in a unique context of national security considerations where separation of powers concerns are at their height. And it would be a mistake to apply too aggressive an application of Clapper outside of that context because it really does belong in that separation of powers national security context. The way I understand the statute now, the presiding judge can reject a request by the DA to subpoena witnesses, right? That's correct, Your Honor. It's not mandatory. But if I may, it is not the case that a plaintiff lacks standing unless the event that the statute authorizes is mandatory in all circumstances. And I would point, Your Honor, to the Supreme Court's decision in Bellotti as evidence of that, right? Because in Bellotti, it was not mandatory that the court deny the petition of a minor who had established that an abortion was in her best interest. The court could deny it, and it was the fact that the court had the authority to do what is unconstitutional under the statute that was sufficient to a court standing in that case. And so even when a law authorizes but doesn't require unconstitutional activities on behalf of bypass courts, Bellotti makes clear that standing is And certainly we are not talking here about a five-step chain of contingencies. We're talking about at most a one-step chain of contingencies. The district attorney participates in every judicial bypass proceeding. And to the extent witness participation is discretionary, it's a one-step chain. I want to test the limits of your merits arguments with regards to the participation of the DA. Yes, Your Honor. So if there was a different statute that merely required notice to the DA and allowed him or her to observe the judicial bypass proceeding without giving him or her any other procedural or substantive rights, would that be an undue burden? Yes, Your Honor. It would be different from this statute because the statute is talking about the language of the statute is the DA is an advocate. I know. The hypothetical is different. The hypothetical, Your Honor, yes, because it would violate confidentiality. Our claims are three-part. But you can't have full confidentiality. I mean, the person at the clerk's office who takes in the petition knows that a petition has been filed. The judge's staff knows that a petition has been filed. The judge knows that a petition has been filed. That's right, Your Honor. Right? So you can't have utter confidentiality in a judicial bypass proceeding. Some people have to know under a duty of confidentiality that a minor is seeking a bypass, right? So what is it that makes facially, not as applied, notice to the DA unconstitutional? From a confidentiality standpoint, the rule is confidentiality, and you're right that it's subject to certain limited exceptions. And what's the limiting principle of those exceptions? Well, we look to ACRON 2. And what ACRON 2 said is it's an administrative exception for necessary administrative staff, just like what you've just described. So in ACRON 2, what was required is the teen write her name on a court form that might be seen by administrative personnel. And the court said sophisticated judicial procedures, exactly as Your Honor is describing, requires somebody, the clerk's office staff, the court reporter, to know. But it's an administrative exception. But you can appoint a guardian ad litem without violating confidentiality? Correct. That's another party? Right. So there are essentially two exceptions. There's advocates on behalf of the minor in order for the minor to have a fair shot at getting the procedure, right? The minor is entitled to an attorney. The minor is allowed to have a guardian ad litem for the reasons stated by this court in Miller, which is precisely because it would help rather than hinder the process. And the only other exception that the Supreme Court has recognized is ACRON's exception for administrative necessity. And how do we know that this alerting the district attorney doesn't fall into the category of administrative necessity? Well, first, the district attorney doesn't play an administrative role. But it's certainly not necessary because we know that every other state in the country with a judicial bypass statute operates without transforming it into this is departing from your hypothetical, but a trial, or without requiring the participation or observation of a district attorney. The Supreme Court in Hodgson stated that the law at issue in that case was an oddity, which called into question the reasonableness of the legislature's approach. And so I think the same principle applies here. If Alabama is correct that the district attorney is nothing but a potted plant that sits there and doesn't do anything, then why do we have the need to depart from what the standard operating procedure has been in every judicial bypass law ever to have gone before any court? And if the district attorney is doing more than simply sitting there as a potted plant. Because the state of Alabama wants to ensure it has a role to play in ensuring that before a minor terminates a pregnancy that they're making a mature decision. So it's the prerogative of the state of Alabama to enact legislation that further protects, seeks to enforce that right, right? I disagree, Your Honor, because that is already built into the bypass process itself. If a judge is confronted by the testimony of a teen that feels rehearsed or that it somehow doesn't meet the teen's burden, the judge is in a position to say, you haven't met your burden of proof, and I deny the petition. And you can come back again and refile your petition once you satisfy me that you are mature or that you learn more about the abortion procedure. Could the state of Alabama, let's say if this statute gets declared unconstitutional, can the state of Alabama craft, you're telling me the state of Alabama could not craft legislation that satisfies the residents of the state of Alabama that a minor makes a mature decision before seeking the termination of a pregnancy? I think that's already in the language of the statute itself, Your Honor. The bypass statute states, as does every other working bypass statute across the country. But if the state of Alabama doesn't think that and disagrees with you, it could not craft a statute that passes constitutional muster? They wanted to add different, well, first of all, they wanted to add specificity to say that the bypass court should consider these specific things that the maturity or if the state of Alabama wanted to define best interests in a certain way. I think that that could conceivably pass constitutional muster. But what the statute already does is say, but before this law took effect, a minor in order to obtain an abortion has to satisfy the judge by clearing convincing evidence that an abortion is in her best interest or that she's sufficiently mature. Could the state of Alabama cut out the DA and the guardian ad litem for the fetus and decide that it's in the best interest of the minor and the state and the guardian ad litem be appointed for the minor? Yes. That's the holding of this court in Miller. So that's absolutely permissible. But the reason it was constitutional in Miller, as this court made clear, was because it would benefit and aid in the minor's, facilitate the minor's access to abortion rather than hindering it. That was this court's decision in Miller. But we don't have that in Alabama prior to the amendment, right? Correct. There's no provision authorizing or requiring the appointment of a guardian ad litem for the minor under Alabama law. In the hypothetical that I started with, is the problem one of confidentiality or a different sort of undue burden? Is the DA just merely gets notice and gets to sit in the courtroom during the proceeding? In your next example, I do think it is a matter of confidentiality. I do think that the starting point here ought to be the velati factors. And the very presence of the district attorney violates confidentiality for the reasons we stated, that it doesn't fit within the narrow exceptions. Also, if the court concludes that it falls outside the confines of the velati factors, it could very well constitute an undue burden for different reasons. But that is so straightforward under velati. Again, bringing third parties, bringing witnesses, bringing anyone into the proceedings other than the minor is not how any of our cases have ever been contemplated. Except you can have guardians who may not always support the minor's position. No, Your Honor. I actually think under Miller, the way this court construed the guardian ad litem provision in Miller is quite to the contrary. The court in Miller said that it's true that a guardian ad litem under a normal circumstance may have the capacity to divert or dismiss a claim. But in the bypass context, we're confronted with something quite unique, and it will be the role of the guardian ad litem always to facilitate a minor's abortion decision. That was actually the premise of this court's decision there. So it wasn't as though the court accepted the characterization of the plaintiff. The plaintiff in that case had actually argued, look, a guardian ad litem could dismiss, a guardian ad litem may disagree with the minor. And the whole reason why this court upheld that provision is because it actually disagreed as a statutory matter, and given the role of a guardian ad litem and the unique considerations at play in the bypass process, the court stated it will always be in the interest of the minor to proceed, and it's the guardian ad litem's job to facilitate that. So I think respectfully that it's not the case that a guardian ad litem might sometimes not advocate on behalf of the minor. If that were the case, it wouldn't be consistent with this court's decision in Miller. Because the state of Alabama might feel that if the only other party that's the abortion provider, then it's not confident that in all cases the minor is making a mature decision. I mean, isn't that the prerogative of the state of Alabama to feel like, well, maybe someone else ought to be involved in this process? The whole premise of the judicial bypass is that, first of all, it concerns only with the minor's interests, and also if the minor doesn't satisfy the court, if the bypass court has the same questions that Your Honor does. But the only information that the court has is coming from the abortion provider. No, Your Honor. I believe it's coming from the minor's testimony. So the minor is the person seeking a judicial bypass. The minor, with an attorney, proceeds into court, testifies before the bypass court. The abortion provider brings the minor into court. No, Your Honor. The abortion provider lets the minor know that this is the process that is available to her, and if she chooses, she can either alert. So if the minor wants to involve her parent or thinks, well, gee, I'd rather involve a parent than go through that, that's the minor's choice. And if the minor decides she can't go to tell a parent, then it's the minor's prerogative to go to court, and the clerk's office at the court gives her the forms and helps her with the bypass process. And she's given an attorney who walks her through what the procedure will entail. The minor testifies, and it's really up to the bypass judge to decide, has this minor satisfied me that she's put forward sufficient proof that she's mature? Does she know what an abortion entails? Is this the right decision for her? What is the indication of maturity? And, again, if you look at the decisions from Alabama courts that were cited by the district court in this case denying bypass petitions, courts have not hesitated to reject the petition of a minor who didn't satisfy them. So if the minor said, I got good grades, and the court said, that's not enough, you haven't proven it to me, they haven't hesitated to deny the bypass petition. And same thing with appellate courts in Alabama have remanded to the bypass court to say, we need more proof here, more rigorous proof that the abortion is in the minor's best interest. But if it's an important decision and the state of Alabama feels like we don't want to make any mistakes, isn't the state of Alabama entitled to rely upon its district attorneys not to go overboard? No, for a couple of reasons. First of all, I think the role, it first of all turns on the role of the judge. It is the bypass court's responsibility to determine whether or not the minor has satisfied her burden of proof, and if not, the court should deny the petition. And she can come back, or she can tell her parents, or she can forego the abortion altogether. But the presence of the district attorney, and again, the language of the statute is clear, the district attorney is an advocate for the state of Alabama. The district attorney can pursue its interest in advocating on behalf of the state of Alabama with a number of tools, extensive tools at its disposal, through appeals, which frustrate, I mean, this is the irony of the characterization on the other side that the district attorney is nothing but an adjunct or an assistant to the court, the district attorney appeals the court's determination that an abortion is in the minor's best interest. And we know that happened in the case of, cited in our brief, where there was a 12-year-old minor who had been raped by a family member whose father wasn't in the picture, whose mother physically abused her when she found out that she was pregnant. The court authorized the bypass in that case, and the district attorney took an appeal of that. That's not providing assistance to the court, that's frustrating the court's determination, and it has nothing to do with the only consideration that's relevant in the parental involvement context, or in the judicial bypass context, which is the best interest of the minor. Let me go back to one of the questions that my colleague asked earlier, and that is the right of Alabama to be wary of the young women that are brought to the ardent supporters of abortion, that, in fact, they are the ones that are bringing them there. We've seen this, that lack of trust in other litigation involving people that are in the custody of ORR for the refugees, that litigation that's going on, and a great deal of distrust as to who that guardian ad litem is going to be. We appointed an independent person, the court did, and it went forward, and the minor was interviewed and did not want to proceed. But my point being that you have a lot of people out, as you so often know so well, that people on both sides of this very divisive social issue, and there's a lot of distrust and the question then comes down to the role of the ad litem. When you then say that, the court did admit that they are purely an advocate of the minor, then the question is, is it all stacked one way? Is the minor really going to be able to express their independent view that they want to proceed with this or not? I mean, that's the question. It goes to the question of the legitimacy of the state's interest in terms of who the selection of the players are and who the players are themselves. This is not a pure courthouse in these issues. It's just not a laboratory, a scientific laboratory. There's a lot of human emotion going both ways, and that child is being brought in between war and camps in some of these things, and that's the background of which legislatures act. So I have some hesitation about suggesting that the state does not have the ability to address that in some fashion. How would they do that? I think they can certainly write a statute that says, for example, a bypass court should satisfy itself that the minor's stated interests are her own interests, that she's proceeding out of a free will, and I actually think that that's probably embedded in the bypass court's determination in the first place. And then I would also just add on top of it, Your Honor, that informed consent and what goes on outside the bypass process in terms of what happens at the clinic is certainly a barrier to a minor being caught in a, if what Your Honor is describing, a coercive or an experience where it's not her actual wish. I'm talking about specifically the selection of the minor's representative themselves, the ad litem. If you tie the hand to the ad litem, so the ad litem looks at the thing and says, I'm not sure they'll persuade me. But then can they voice that view to the judge? She still belongs to the minor, but if her representative doesn't trust her, how do we do that? Are you talking about a guardian ad litem for the minor? I'm talking about the minor. So under Alabama law, the minor doesn't have a guardian ad litem. She has an attorney. Well, I know, but she doesn't have an attorney. Okay, go ahead. Ordinarily, that is the case. Right, so at certain states have a practice of appointing a guardian ad litem for the minor. That is worlds apart, obviously, from what we're talking about here in terms of a guardian ad litem for the fetus. But I think the answer to the premise underlying Your Honor's question is... I'm not talking about the guardian ad litem for the fetus. I'm sorry if I didn't make that clear. No, no, no. I just want to clear up my misunderstanding. But I think the answer to the premise underlying Your Honor's question is the job is the bypass court's job. And if Alabama wants to write specific requirements for a bypass court, the judge of the bypass court to satisfy himself or herself that the teen is sufficiently mature, that she's acting on her own independent will, that she's not caught in between the forces that you're describing, that would be the prerogative, I think, of the state of Alabama. But that would probably be as far as they could go and certainly can't be turning it into an adversarial proceeding, appointing lawyers for the fetus, bringing the advocate for the state into the proceeding. I think where you're discussing is probably closer to the line and more permissible. But we are so far beyond that permissible realm here that I'm hesitant to speculate on what might happen closer to the line. Let me delve into this a little further because I may agree with you that the statute goes a little too far. But I'm keeping an open mind. I haven't decided anything. We haven't conferred or anything. But it seems like Alabama could put together a statute that provides greater protection for minors. And so my question is, before the amendment, how did the – you said the minor has an attorney. Who retains the attorney for the minor before the amendment? It is required under court rule that a minor – it's either statute or court rule, and I believe it's court rule. A minor goes to the courthouse and an attorney is appointed for her. Okay. So the attorney isn't retained by the abortion provider? No, no, no. Okay. It's an independent attorney? It's an independent attorney that is referred – that is appointed for the minor by the court system. It has nothing to do with the abortion provider. This isn't in the record, but the abortion provider actually doesn't even know the attorney. So it's not as though the abortion clinic is hooking the minor up with a lawyer that it knows and sending her to court. The minor proceeds on her own to court. The minor interacts with a clerk's office staff who – she fills out a form, and at that point, through the clerk's office, a lawyer independently is appointed for the minor. All right. But your client is concerned about the adversarial nature of the proceeding. So if the DA is cut out and the statute requires independent guardian ad litems, would that pass constitutional muster in your opinion? Under the court's decision in Miller, the answer is yes, that a guardian ad litem is permissible. But, again, we're talking – first of all, I do want to make clear, though, the responsibilities in this setting are on the bypass judge to make sure all of the concerns animated in this case are dealt with. And we've seen decisions from Alabama bypass courts and health courts making clear that this is not a rubber stamp. The assertion underlying the state's case is that the way a bypass works in every other state and in every statute ever to have come before the Supreme Court or any other court is nothing but a rubber stamp. We see Alabama decisions saying that this teen testified, but the court found that she wasn't mature. It's not as though the court felt that its hands were tied and it had to just simply grant the bypass petition because the minor had sat on the stand and answered her attorney's questions. We know from the decisions from Alabama courts, they have not hesitated to deny the petition of a minor because they take the responsibility seriously. This process entrusts judges, state court judges, with the responsibility to take their role seriously. And we know from the decisions that have been reported that they haven't hesitated to deny it. So it's not at all a rubber stamp. All right. I think we have your argument, Mr. Beck. Thank you. And you've reserved some time for a vote. Mr. Palmer, we'll give you that time. All I really want to attend to here is, first of all, with respect to the participation of the DA in the bypass proceeding, I think it's instructive that my friend conceded that Miller would acknowledge an independent role for a guardian ad litem. And what I took your honor to be suggesting by that is a guardian ad litem who does not merely support the minor's request for a petition, but one who would actually make an effort to ascertain whether or not a petition should be granted under those circumstances. That's the correct reading of Miller, which they got around to admitting towards the end of that. And under that kind of understanding of Miller, there's obviously no real problem with having a district attorney in the room who plays the exact same role, given that they function as an inquisitorial adjunct of the court as interpreted by the Alabama courts. And that's what the Alabama courts have said their role is, and that's what the statute says. If that's the line, putting aside the justiciability issue, the guardian right now sits in a very different position, right? The guardian ad litem for the fetus? Yes. You're talking about... Because that person is not acting... I think the guardian ad litem for the fetus raises very different questions. And that's what I'm asking you on the merits. If the dividing line is someone who exercises independent authority to decide whether or not a minor is mature and whether or not a termination of a pregnancy is in her best interest, the guardian who is acting on behalf of the fetus necessarily has to advocate on behalf of the fetus, right? In the great majority of cases, right? I think that's certainly true. And I think really when it comes down to the guardian ad litem for the fetus, the real problem here is justiciability. Right. If we get past justiciability for that, you've got a problem. You may not want to concede that, but that's at least my view of things. We do not concede that. However, I would like to then attend to some pointers on standing that might apply to what they're saying. No, I understand your standing arguments. Okay. And not to belabor this matter, but I guess I'm continuing to have a concern about the participation of the DA in this process. A DA is a prosecutor, runs up for election every four years in the state of Alabama. Is that right? And so I'm not aware of a DA having a role as neutral and detached in any of its duties as defined by state law. He's spoken as a former prosecutor. In this capacity, then all that I think would really have to be said is that Alabama has carved out a role for the prosecutor where the prosecutor plays a role as the guardian of this process and ensures that the judge does not make inaccurate decisions and that the judge really considers the issues by granting the judge an alternative perspective, which does not automatically support the minor's position. So perhaps that is a novelty in the role of a prosecutor, but that is what the statute contemplates, and I think that is absolutely permissible under the existing precedent, and that's what the state of Alabama has attempted to do with this safeguard. And I think I would like to touch on one last thing, which is just that I think it's instructive that they retreat to third-party standing here when really, with respect to third-party standing, they make no attempt really to address any of the arguments in our brief, and they only discuss it in a footnote. That's instructive with respect to their position on this entire question, and I think that's because they really ultimately are conceding here that with respect to standing, they did not bring suit for a declaration against the right provision of the statute, and anything else that they could attempt to do here would be an alteration of their position and an attempt to expand their rights for the first time on appeal. Thanks very much, and we strongly urge a reversal. All right. Thank you, counsel. This was well-argued, and the court will be in recess for 10 minutes. All rise. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Hi, everyone. Hi, everyone. Hi, everyone. Hi, everyone. Hi, everyone. Hi, everyone. Hi, everyone. Hi, everyone. Hi, everyone.